**Application of John Michael SPEER, Appellant,**

v.

**Commander G. H. HEDRICK, Appellee.**

**No. 24540.**

United States Court of Appeals Ninth Circuit.

Oct. 24, 1969.

Rehearing Denied Dec. 22, 1969.

Michael S. Sorgen & Marvin S. Kayne, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and PENCE, District Judge *.

PER CURIAM:

Petitioner, appellant herein, has appealed from a district court order denying his petition for a Writ of Habeas Corpus.

Petitioner enlisted in the United States Naval Reserve on July 8, 1966, and subsequently enlisted in the United States Navy on October 25, 1966. He completed recruit training on January 26, 1967, and completed a course for hospital corpsmen on May 18, 1967. On June 6, 1967 he completed rifle and pistol training.

On December 31, 1967 petitioner received transfer orders to Vietnam. On May 13, 1968 he failed to report for transfer to Vietnam and was on unauthorized leave until June 25, 1968, when he surrendered to Naval authorities. He was subsequently court martialed and confined, pursuant to sentence, from August 28, to October 16, 1968.

On December 18, 1968 petitioner formally applied for discharge as a conscientious objector. The Conscientious Objector Board in the Navy Bureau of Personnel recommended denial of the application on the basis that petitioner's beliefs were not based on religious principles. Petitioner's commanding officer believed him sincere. However, the fact that he had completed instruction in the use of deadly weapons after his beliefs had allegedly formed, and that he sought discharge as a conscientious objector only after having been ordered to a combat zone, tended to offset the opinion of that officer.

At the habeas corpus hearing thereafter, the district judge found that an adequate basis in fact did exist for the Navy's denial of petitioner's application.

Assuming, but not deciding, that the nature of petitioner's restraint gave jurisdiction to the district court to hear the application for a writ of habeas corpus under 28 U.S.C. § 2241, and there being abundant facts in the record to support the finding of the district judge, we therefore affirm.

ON PETITION FOR REHEARING

In his motion for rehearing, petitioner sets forth three grounds upon which he urges this court to reconsider its judgment heretofore entered on October 24, 1969. Petitioner first argues that in searching the record for a basis in fact to support the decision of the United States Navy, the court should have limited its scope of inquiry to the ground set forth by the Navy in its denial of petitioner's conscientious objector petition. He insists that, inasmuch as the Navy concluded that "[petitioner's] desire to terminate his military service is not based on religious principles," this court should not be permitted to consider anything but those bare words and may not rationalize the Navy decision on other grounds, i. e., insincerity of beliefs.

While it is true that the Navy, in denying the conscientious objector petition, stated the conclusion noted above, it is also true, and this court so found, that the Navy bottomed that ultimate conclusion, in part, upon a finding of insincerity of belief. There having been found a causal relationship between the finding of insincerity and the conclusion that petitioner's desire to terminate service was not based on religious principles, this court did not go beyond the record or the spectrum of facts utilized by the Navy in considering petitioner's lack of sincerity as a basis in fact supporting its decision.

Petitioner next argues that this court has not adequately dealt with the problem of the weight to be given the recommendations of hearing officers

---

* Honorable Martin Pence, U. S. District Judge, Honolulu, Hawaii, sitting by designation.

and others. The simple answer is that this court cannot so consider this problem. The warning in Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, that courts are not to weigh the evidence to determine whether a classification made by a local board was justified, is no less applicable in the area of an in-service conscientious objector determination. Moreover, this point was not reached by the court because it found that there was ample basis in fact for the decision of the Navy. Such basis in fact having been found, petitioner was therefore not within the protection of Dickinson v. United States, 1953, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132, i. e., he had not made a prima facie showing of entitlement to conscientious objector status, and the decision of the Navy was thus not based upon suspicion and speculation.

■ Finally petitioner urges that the reliance of the military upon the lateness of a conscientious objector application and upon the fact that petitioner had received prior training in the use of weapons has been deemed by two other circuits [1] to be insufficient to challenge the sincerity of a conscientious objector claim, and that this court has apparently taken a contrary position. While it is true that in its opinion this court did not distinguish the facts of this case from those cited by petitioner in support of the above argument, however those cited cases are each clearly distinguishable. Aside from the fact of prior training in weapons, the cited cases did not contain the added factor present in this case, namely that the conscientious objector application was not filed until *after* receipt of orders for transfer to a war zone.

As this court said in Bishop v. United States, 1969, 412 F.2d 1064, 1068, Bishop's conscientious objector beliefs solidified

> "most significantly, sometime after he was classified I-A * * *. We do not suggest, of course, that sudden

'Road-to-Damascus' conversion is impossible or even unusual; however, when such a claim is asserted the Selective Service authorities are authorized to treat its sincerity as so sufficiently suspect that the suddenness of the conversion may be considered as one of those 'objective facts * * * [which] cast doubt on the sincerity of his claim.'" (Citing authorities.)

That statement is equally applicable here.

The motion for rehearing is denied, without argument.

---

1. United States ex rel. Brooks v. Clifford, 4 Cir., 1969, 409 F.2d 700; Bates v. Commander, First Coast Guard Dist., 1 Cir., 1969, 413 F.2d 475.