Melvin L. **SHIRER**, Petitioner,

v.

Capt. James G. **HACKEL**, etc., et al.,
Defendants.

No. C–70 1028.

United States District Court,
N. D. California.

Aug. 12, 1970.

Donald A. Jelinek, William Samsel, Berkeley, Cal., for petitioner.

James L. Browning, U. S. Atty., San Francisco, Cal., with Richard F. Locke, Asst. U. S. Atty., for defendants.

## ORDER GRANTING WRIT OF HABEAS CORPUS

WOLLENBERG, District Judge.

Petitioner is presently serving in the United States Army, from which service he seeks discharge on the grounds that there was no basis in fact for the Army's denial of his application for conscientious objector status, made under AR 635–20.

Petitioner was inducted in April, 1969. He was alerted for overseas assignment to the Republic of South Vietnam in early January, 1970. He applied for discharge as a conscientious objector in March, 1970. The chaplain found him sincere and religious; the O–3 who interviewed him doubted his religiosity. The Conscientious Objector Review Board found that the lateness of petitioner's application "cast serious doubt on the sincerity of his professed beliefs". It is this finding which is before the Court.

The government rests largely on the decision in Speer v. Hedrick, 9 Cir., 419 F.2d 804 (1969) which, it is asserted, stands for the proposition that the lateness of an application under AR 635–20 "may be an objective fact upon which to base a finding of insincerity". See Bishop v. United States, 9 Cir., 412 F.2d 1064 (1969).

▉▉▉ The timing of an application may certainly be relevant to sincerity, but this Court is reluctant to say that lateness, without anything else, is enough to justify the Army's rejection of an application in any and every case. Such a mechanical interpretation of *Speer* would do violence to the common sense rationale behind the "basis in fact" test. The role of the latter is to guard against arbitrary and capricious action by agencies not subject to judicial review in its customary scope. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). To allow an agency to use an isolated fact to override all other proofs advanced by the applicant, no matter how strong, would be to permit the caprice which the due process clause commands us to prevent. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). The "basis in fact" required to uphold the agency finding must therefore vary in strength according to the persuasiveness of the *prima facie* case made by the applicant. Maynard v. United States, 9 Cir., 409 F.2d 505 (1969). Where the case presented by the individual is weak, lateness of application alone might constitute reasonable grounds for denying the application. If the evidence adduced on behalf of the applicant is especially strong, some other factor than simple lateness might be required to provide a *rational* basis for denial of the claim. Bates v. Cmndr. etc., 1 Cir., 413 F.2d 475 (1969); Ross v. McLaughlin, D.C., 308 F.Supp. 1019 (1970); Owens v. Cmndg. Gen'l, D.C., 307 F.Supp. 285 (1969); Gresham v.

Franklin, 315 F.Supp. 850, 1970 (N.D. Calif.).[1]

Petitioner has made his prima facie case in two separate, though quite similar applications under AR 635–20. Altogether there are some seventeen typed, single spaced pages written by petitioner in explanation of his beliefs. In addition there are ten letters of support from friends, relatives and clergymen, as well as the names of sixteen persons as references.

▉▉▉ The application and supporting material present a strong prima facie case for conscientious objection. Petitioner is a Catholic who came by his faith in early adolescence. He gives ample proof of regular attendance at Mass and catechism classes. He did volunteer work over a considerable period of time caring for stray animals, and considered this an expression of his reverence for life in whatever form it might take. "I even dislike the harming of a flower, tree or bush, consciously knowing that a creation of God would be suffering * * * I cannot kill * * *. To me killing would be the most serious offense of all because killing a person is killing a part of God".

▉▉▉ Against all this, the Army offers nothing to support its finding of insincerity save the lateness of filing. Reference is made to a remark made by an interviewing officer to the effect that petitioner had declined to express an opinion on the morality of birth control or abortion, but the Court does not find this as indicative of insincerity, especially given the fact that the day has passed when Catholics could be expected to be unanimous in their attitude toward such issues.

In short, the Court can only conclude that the Army, by studiously ignoring all the evidence presented by petitioner, and by seizing on the date of his application to the exclusion of all else, has indulged

---

1. An examination of Speer v. Hedrick, cit. *supra*, shows that lateness alone was far from decisive in that case. The Court there specifically commented on the weakness of the applicant's prima facie case, and upon the fact that he had completed weapons training *after* his beliefs were alleged to have "crystallized".

in the kind of suspicion and speculation which have been repeatedly condemned by the courts. United States v. Nelson, D.C., 299 F.Supp. 300 (1969); Pine v. United States, 4 Cir., 212 F.2d 93 (1954); Dickinson v. United States, cit. *supra.*

There being no adequate basis in fact for the Army's denial of discharge to petitioner under the provisions of AR 635–20, it is hereby ordered that the petition for writ of habeas corpus be, and hereby is, granted, and that petitioner being illegally restrained of his liberty, be discharged from the custody of respondents.