Neil Patrick **ADAMS**, Petitioner,

v.

Major General **DAVIDSON**, Commanding Officer, Fort Ord, California, et al., Respondent.

Civ. No. C–70 1870.

United States District Court, N. D. California.

Nov. 2, 1970.

## OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

PECKHAM, District Judge.

Petitioner, Neil Patrick Adams, serving in the United States Army, filed for conscientious objector status under the provisions of Army Regulation (AR) 635–20, stating a *prima facie* case for Conscientious Objector status.

After recommendations of approval by the O–3 Hearing Officer, the Chaplain, and his Commanding Officer, all of whom conducted personal interviews with petitioner, Brigade Commander Cummings recommended disapproval, stating that the beliefs of Private Adams had crystalized prior to his induction into the Armed Forces. On August 18, 1970, the Class I–O Conscientious Objector Review Board disapproved petitioner's application.

■ The Court, in its review of the claim presented by petitioner, is limited to ascertaining whether there was compliance with AR 635–20, and whether there was some basis in fact for the Army's decision. Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969).

The decision of the Army Class I–O Conscientious Objector Review Board to deny petitioner's application for discharge cites as its sole reason therefor the fact that petitioner's beliefs "became fixed prior to his entry into the military service." This finding is based upon three facts, none of which provide sufficient basis in fact to sustain the Board's decision.

■ First, the Review Board states that prior crystalization is indicated by petitioner's admission that the religious beliefs upon which he relies in his application were held by him before his induction. If this reasoning were held to be valid, "then no person who had * * * a religious or anti-militaristic background could apply for a conscientious objector discharge. The very facts needed to qualify a person for discharge would become the basis for a finding that his beliefs were fixed prior to entry

Serra & Perelson, San Francisco, Cal., for petitioner.

James A. Bruen, Asst. U. S. Atty., San Francisco, Cal., for respondent.

into the service. Such a scheme cuts against the very purpose of the regulation." ·Goodwin v. Laird, 317 F.Supp. 863 (N.D.Cal. 6/19/70).

■ As a second basis for finding prior crystalization, the Review Board points to petitioner's statement that he did not apply for conscientious objector classification before induction because he thought his family was moving to Australia and he would therefore not be inducted. Petitioner made this statement to his O–3 Hearing Officer, Captain Robert McCrary. Petitioner further stated that his beliefs had become stronger since his entry into the Army due to his increased awareness, gained by virtue of his exposure to the military, that the training, purposes and goals of the Army were in contravention to his religious beliefs. Captain McCrary found petitioner to be sincere in his convictions, and that "his beliefs have (sic) matured since his entry into the Army."

Army Regulation 635–20, in paragraph 3b(1), states as a matter of policy that,

Requests for discharge after entering military service will not be accepted when—

(1) Based solely on conscientious objection which existed, but which was not claimed prior to induction, enlistment, or entry on active duty or active duty for training.

This Court roes not regard the use of the word "solely" in paragraph 3B(1) to be mere surplusage. Baker v. Laird, 316 F.Supp. 1 (N.D.Cal. 8/31/70). Although petitioner may have decided against filing a Conscientious Objector application prior to his induction, the record clearly shows that his post-induction application was not based solely upon prior conscientious objection, but that it was based upon a heightened awareness of the Army's purposes and goals, and a maturation of his prior beliefs. "Many people intellectually have knowledge of the horrors of war, and intellectually they have knowledge that war is a violation of the Commandment 'Thou Shalt Not Kill,' but until they go through actual experiences relating to war, they may not feel the emotional compulsion to reject their own participation in war." Rabbito v. Larson, No. C–70 572 (N.D.Cal. 8/19/70). See also Goodwin v. Laird, *supra*; Silberberg v. Willis, 306 F.Supp. 1013, 1021 (D.Mass. 1969), rev'd on other grounds, 420 F.2d 662 (1st Cir. 1970).

Crystalization is undeniably a subtle and ephemeral process which should not be interpreted in such a way as to deny relief to a sincere conscientious objector, as was said in Goodwin v. Laird, *supra*. Furthermore, the "basis in fact" required to uphold an agency finding varies in strength according to the persuasiveness of the *prima facie* case made by the applicant. Shirer v. Hackel, 330 F.Supp. 369 (N.D.Cal. 8/12/70); Maynard v. United States, 409 F.2d 505 (9th Cir. 1969). In the petitioner's case, he made a strong *prima facie* showing of conscientious objection. The O–3 Hearing Officer, the Chaplain, and petitioner's Commanding Officer, all of whom personally interviewed Private Adams, found him to be sincere in his statements and beliefs. Captain McCrary, an officer knowledgable in policies and procedures relating to conscientious objection, recommended approval of petitioner's application. So did the Chaplain and his Commanding Officer. The Review Board had no basis in fact for doubting the petitioner's sincerity, and there is nothing in the record to cast doubt upon petitioner's statement that his beliefs strengthened and crystalized after his entry into the Army. Opinion which is based merely on suspicion and speculation cannot satisfy the "no basis in fact" test. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

■ Third, the Review Board also bases its findings of prior crystalization on the opinion of Fort Ord's Commanding Officer Cummings, who recommended disapproval of petitioner's applica-

tion, stating that Private Adams' beliefs were fixed before his induction, and stating further that Private Adams "has enjoyed the benefits of this nation for these years and now refuses to support his country in any capacity." As set forth above, there is no basis in fact for Lieutenant Commander Cummings' finding of prior crystalization. Furthermore, his latter statement is irrelevant; it indicates a prejudicial attitude towards conscientious objectors in general and is in conflict with the spirit and letter of AR 635–20.

Accordingly, the Court finds that petitioner has made a *prima facie* showing of entitlement to conscientious objector status and that there is no basis in fact for the Review Board's denial of his claim. It is hereby ordered that the petition for writ of habeas corpus be granted, and that Neil Patrick Adams, being illegally restrained of his liberty, be discharged from the custody of the United States Army and respondents forthwith.