**Application of 1st Lt. Lloyd D. PTAK,
Petitioner,**

v.

**Honorable Melvin LAIRD, Secretary of
Defense, et al., Respondents.**

**Civ. A. No. C–2587.**

United States District Court,
D. Colorado.

Aug. 4, 1971.

Rudolph Schware, Denver, Colo., for petitioner.

James L. Treece, U. S. Atty. by Charles Johnson, Asst. U. S. Atty., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the court on a petition for writ of habeas corpus filed by Lt. Lloyd D. Ptak, contesting the disapproval by the Army of his request for an honorable discharge as a conscientious objector. Ptak joined the Army ROTC program while an undergraduate at Texas A & M, and was commissioned a second lieutenant upon graduation in 1966. He went to Stanford to do graduate work in chemistry, and in the spring of 1970 was assigned to Fort McClellan, Alabama in the Chemical Officers Basic Course. Ptak claimed that his experiences, while at Stanford and particularly at Fort McClellan, crystallized his conscientious objection to war in all forms. On July 20, 1970 he applied for discharge as a conscientious objector pursuant to Army Regulation No. 635–20. As required by that regulation he was interviewed by a psychiatrist, by a chaplain who recommended approval of the request, and by Capt. Buchanan, Commandant of the school at Fort McClellan, who recommended disapproval. On August 31 the military review procedure was completed and the request for discharge was denied, on the grounds that Ptak's views were not sincerely held. Petitioner then sought a writ of habeas corpus in this court.

The government conceded in oral argument that this court has jurisdiction to hear Ptak's claims on the merits, and that conclusion seems to be correct. Polsky v. Wetherill, 403 U.S. 916, 91 S. Ct. 2232, 29 L.Ed.2d 693 (1971), rev'g 438 F.2d 132 (10th Cir. 1971); Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968). The question presented by this petition, then, is the legitimacy of the Army's decision to deny Ptak's request for a discharge.

The scope of judicial review in these cases is limited to determining whether or not there was a basis in fact for the decision. Pitcher v. Laird, 421 F.2d 1272, 1278 (5th Cir. 1970); Hammond v. Lenfest, 398 F.2d 705, 716 (2d Cir. 1968); cf. Fleming v. United States, 344 F.2d 912, 915 (10th Cir. 1965). The decision of the Army Review Board was predicated upon a finding that Ptak's views were "not truly held." There is no indication in the record of any question as to whether Ptak's claims are of a religious nature, and we find no basis for challenging them on that ground. Therefore, we will address the question of his sincerity as the only legitimate ground for disapproval of the petitioner's request. See Helwick v. Laird, 438 F.2d 959, 963 (5th Cir. 1971).

There are only three items in the record which could possibly be read as cast-

ing doubt upon the petitioner's sincerity. The first is the recommendation of disapproval by Capt. Buchanan, who interviewed the petitioner as required by the Army Regulations. Buchanan stated that the petitioner "now claims naivete of the chemical programs the military has developed and his belief that the provisions for conscientious objector applied to persons of certain religious sects," despite the petitioner having finished four years of ROTC and graduate work in chemistry. The obvious implication of this statement, even though there is no direct statement that Ptak appeared insincere, is that one could not put much credence in his claims. We do not see how this conclusory statement can be support for a finding of insincerity. A mistaken belief that membership in a certain sect was necessary to acquire conscientious objector status could explain a delay in requesting a discharge, but we are not prepared to say that such a delay would preclude a member of the armed services from establishing his right to a discharge after the mistake was discovered. However, we do not need to decide that question because the statements of Ptak, in this respect never controverted, explain that his objections to military service did not crystallize until he commenced the Chemical Officers Basic Course. Since that course started only four weeks before the request for a discharge was submitted, there was no inordinate delay. Implicit in Ptak's statement is the assumption that he was ineligible for a discharge before he filed his request, so that his misunderstanding about the availability of conscientious objector status is irrelevant. Similarly, "naivete" about the practices of the army would not seem to be as unusual or as unbelievable as Capt. Buchanan implies. If the petitioner was indeed naive it would appear that he attempted to reconcile his principles with service to the country but could not do so. This is not grounds for finding insincerity. *See* Pitcher v. Laird, 421 F.2d 1272 (5th Cir. 1970) (petitioner thought he could reconcile service in the medical corps with his conscientious beliefs, but found in the service that he could not; relief was granted). However, even assuming that petitioner was, as Capt. Buchanan attempts to suggest, fully aware of the army's chemical program when he completed his graduate work and went on active duty, the sincerity of his subsequent claims would not automatically be suspect. To draw the opposite conclusion would require assuming that there was insufficient time for his views to crystallize after he commenced active duty, and we can find no support for that assumption. "If the length or type of religious training, formal or informal, were the test, the sincerity of the conversion of Saul on the road to Damascus might be open to question." United States ex rel. Lohmeyer v. Laird, 318 F.Supp. 94, 102 (D.Md.1970). The same reasoning controls the decision here. Consequently, Capt. Buchanan's recommendation does not provide any basis in fact for the conclusion that Ptak was insincere. The statements of Buchanan are conclusory, and contain no facts which could have been used as support by the Army Review Board. Bates v. Commander, First Coast Guard Dist., 413 F.2d 475, 479 (1st Cir. 1969); Cooper v. Barker, 291 F.Supp. 952, 958 (D.Md.1968).

The second item in the record, and the one upon which the Board seemed to rely most heavily, is a letter written by Mrs. Ptak in support of her husband's claim. In attempting to express the views which Ptak held and which led to his request for a discharge, his wife used the expression "we" in statements of what she and Ptak believe. This could not possibly be read by any reasonable person to express more than a mutuality of feeling on the part of the petitioner and his wife. Nonetheless, the Board relied upon the use of the plural pronoun, and upon Mrs. Ptak's personal unwillingness to join organizations for army wives, to conclude that the petitioner requested a discharge "solely be-

cause his wife has insisted upon it." It is apparent that the sincerity of a person claiming to be a conscientious objector is a subjective matter, and one which cannot be indisputably proven. However, it should also be apparent that a decision as to sincerity cannot be made on the basis of conjecture and suspicion. Helwick v. Laird, 438 F.2d 959, 963 (5th Cir. 1971). There is no hint in the entire record that Ptak was being pressured by his wife, and for the Review Board to draw that conclusion from the few facts it had is, we believe, totally without justification. Mrs. Ptak's letter does not provide any basis in fact for the Board's finding, nor does her unwillingness to join with other army wives. Her attitudes towards the army are irrelevant to the proper inquiry of the Board. Drawing unwarranted inferences from her attitudes compounds the Board's error.

The final item in the record is the fact that Ptak went through weapons training before requesting discharge. The government urged that that fact alone controverts the petitioner's sincerity, since he could not have gone through the training without protesting if he were sincere. This argument too is without merit. There are no cases that we are aware of which hold that weapons training alone will defeat a claim for conscientious objector status. The government chiefly relied on Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969), as support for its argument, but we find the case provides no such support. There the court found that the petitioner had undergone weapons training and that he had waited until assignment to a combat zone before claiming conscientious objector status. In coming to the conclusion that

the petitioner should be denied relief, the court in Speer specifically distinguished United States ex rel. Brooks v. Clifford, 409 F.2d 700 (4th Cir. 1969), and Bates v. Commander, First Coast Guard Dist., 413 F.2d 475 (1st Cir. 1969). The Speer court read both of those opinions as holding weapons training alone to be insufficient to support a finding that relief would be denied. We agree with that reading of the cases. Sincerity must be disproven by facts, not by action undertaken by the petitioner before his beliefs about war had become completely formed. If opposition to war were to crystallize after such training, as well it might in some people, it is no less apt to be sincere than opposition which became distinct before training. The "fact" of weapons training is closer to a fact than anything else in the record supporting the Board's decision, but it has no probative value on the question of sincerity. This conclusion is supported by the myriad of cases which have considered petitions of this type without any discussion of weapons training or any suggestion of its relevance.

We find that there was no basis in fact for the decision of the Army to deny Ptak's request for an honorable discharge as a conscientious objector. Since we reach this conclusion, it is unnecessary to consider the question of whether evidence outside the record compiled in the military proceedings may be considered, and we do not pass upon it. Because there was no basis in fact for the decision, the petitioner is entitled to the relief he seeks. If the defendant neither seeks an appeal nor grants Ptak a discharge within the time allotted for an appeal from this decision, a writ of habeas corpus will issue.