**Private Michael J. STAUFFER,
Petitioner,**

**v.**

**Melvin R. LAIRD, Secretary of Defense,
et al., Respondents.**

**No. C–71 1496.**

United States District Court,
N. D. California.

Nov. 12, 1971.

Louis N. Hiken, Seaside, Cal., Lawrence L. Curtice, San Francisco, Cal., for petitioner.

James L. Browning, Jr., U. S. Atty., John D. Link, Asst. U. S. Atty., Michael P. Couture, Captain, United States Army, San Francisco, Cal., of counsel, for respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS.

ZIRPOLI, District Judge.

Petitioner was inducted into the Army on August 4, 1970, and sent to Fort Ord, California, for basic combat training. On September 15, 1970, petitioner applied for conscientious objector status within the military, and, on February 19, 1971, the Army approved his request for classification as a non-combatant. In the interim, however, petitioner's beliefs changed. On February 15, 1971, which the parties to this litigation concede was prior to notification of the favorable action taken on his application for non-combatant status, petitioner prepared for filing an application for discharge from the military as a conscientious objector.

Pursuant to Army regulations, petitioner was interviewed on March 3, 1971 by a chaplain who found him insincere and recommended disapproval. Petitioner's company commander found him sincere, however, and on April 19, 1971, recommended approval. Petitioner's final interview occurred on May 10, 1971 when he appeared before an O–3 hearing officer. This officer did not believe petitioner was sincere and recommended disapproval. Relying heavily on the hearing officer's evaluation, the Conscientious Objector Review Board also recommended disapproval. On July 12, 1971, the Department of the Army formally and finally disapproved petitioner's application.

Petitioner is challenging this denial essentially on the grounds that there is no basis in fact to support it. The task of this court is to scrutinize the record to determine whether the petitioner has

made out a prima facie case for the classification he is seeking and, if so, to discover whether the Army's reasons for denial have a basis in fact.

▮ In his application for discharge as a conscientious objector, petitioner clearly made out a prima facie case. Tracing his beliefs to his basic religious training in the Methodist Church and his active participation in the Boy Scouts of America, petitioner attributed his present stance to his thinking about the implications of those beliefs while a member of the armed services. Numerous letters from his family and friends attested to petitioner's sincerity. Solely on the basis of the moral and religious beliefs petitioner professed in his application the court finds that he presented a prima facie case for discharge. *See* Welsh v. United States, 398 U.S. 333, 344, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Moreover, petitioner's claim is buttressed by the Army's favorable action on his prior application for non-combatant status within the military. The Army's determination leaves no doubt that as of February 19, 1971, the Army believed petitioner met the requirements for classification as a conscientious objector within the military. The court cannot simply ignore this finding in evaluating the strength of petitioner's subsequent application for discharge.[1]

▮ Once an applicant for discharge as a conscientious objector has made out a prima facie case for that classification, the burden shifts to the Army to provide some basis in fact for denial. When an applicant's showing places him prima facie within the statutory exemption, "the courts may properly insist that there be some proof that is incompatible with the registrant's proof of exemption." Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953). "The nature of such proof depends upon the nature of the prima facie case." Maynard v. United States, 409 F.2d 505, 506 (9th Cir. 1969). Where, as here, the Army has granted a 1-A-O classification, petitioner's prima facie case for discharge is measurably strengthened, and the burden on the Army to show a basis in fact for denial is correspondingly greater. "The 'basis in fact' required to uphold the agency finding must therefore vary in strength according to the

---

1. AR 600–200 and AR 635–20, which provide a detailed scheme for processing conscientious objector claims, reflect an appropriate balance between the rights of the applicant and the administrative efficiency of Army procedures. Adopted pursuant to DOD Directive 1300.6, those regulations apply respectively to applications for conscientious objector status *within* the military and applications for discharge as a conscientious objector *from* the military. The sole criterion distinguishing the two appears to be the applicant's own characterization of his objection as an objection only to combat service or to all military service.

"So far as the factors that should determine the reviewability of an administrative decision of a military department are concerned, there is no difference between a decision to deny a 1–O classification and a decision to deny a 1–A–O classification. Ordinarily both require the application of the legal standard for conscientious objection and the resolution of a single, nonmilitary,

factual issue—whether the individual's professed beliefs are sincerely held." Glazier v. Hackel, 440 F.2d 592 (9th Cir. 1971).

Therefore, since the standards for determining all in-service conscientious objector claims are identical, once the Army has determined that an applicant is sincere and his belief is religious, the Army is not free to disregard those findings. Thus, if an applicant qualifies for non-combatant status (1–A–O), under AR 600–200, the Army must discharge a heavy burden indeed in order to justify denial of a subsequent application for discharge (1–O), under AR 635–20, reflecting the maturation of the applicant's conscientious objection, on the grounds that the applicant is insincere or his beliefs are not religious.

This is especially true in the circumstances of this case where the petitioner's application for discharge was filed before notification of the approval of his first application for noncombatant status.

persuasiveness of the prima facie case made by the applicant." Shirer v. Hackel, 330 F.Supp. 369 (N.D.Cal.1970). *See also* Franklin v. Williams, C–70 2748, 4 SSLR 3045 (N.D.Cal.1971); Adams v. Davidson, 331 F.Supp. 612 (N.D.Cal. 1970); Christiansen v. Franklin, C–70 1160, 3 SSLR 3387 (N.D.Cal.1970).

The courts also insist that the evidence supporting denial must not consist of "mere suspicion and speculation." Dickinson v. United States, *supra*. Disbelief in the applicant's sincerity can provide a basis in fact for denial of his claim, but there must be a specific finding of insincerity. United States v. Coffey, 429 F.2d 401 (9th Cir. 1970); United States v. Haughton, 413 F.2d 736 (9th Cir. 1969). This finding cannot be simply conclusory; the Army must point to specific supporting evidence in the record. Christiansen v. Franklin, *supra*. In evaluating the sufficiency of such evidence this court requires "hard, provable, reliable facts," Helwick v. Laird, 438 F.2d 959, 963 (5th Cir. 1971), "affirmative evidence" which "substantially blurs the picture painted by the registrant," Kessler v. United States, 406 F.2d 151, 156 (5th Cir. 1969). This court will not simply cull the record for some wisp of evidence to support the Army's finding. *See* Frisby v. Larsen, 330 F.Supp. 545 (N.D.Cal.1971); Browning v. Laird, 323 F.Supp. 661 (N.D.Cal.1969).

Applying this standard to the case before it, the court finds that there is no basis in fact for the Army's denial of petitioner's application for discharge. The Conscientious Objector Review Board based its denial on several factors: The Board found that petitioner lacked the depth of conviction required to qualify for discharge as a conscientious objector because his objections to military service were "pragmatic," rather than "moral, ethical, or religious." The Board concluded that petitioner "at most indicates that his moral, ethical or religious convictions preclude him from taking the life of another man which is quite consistent with the 1-A-O status which he now holds in the Army." [2] The Board incorporated the findings of the O–3 hearing officer which pointed to the absence of any specific reasons for the "radical change" in petitioner's position on participation in the military, the petitioner's demeanor and method of presentation of answers to the questions during the hearing, and the timing of petitioner's application to coincide with his receipt of 1–A–O status.[3]

The Review Board's conclusion that petitioner's beliefs are at most consistent with 1–A–O classification reflects a myopic reading of his application. Petitioner stated:

> "Learning to take human life or even being part of an organization whose purpose is destructive weighs on my mind so heavily I can not bear it. I believe my participation in the Armed Forces, however insignificant, is furthering its destructive powers. I can not in good conscience allow myself to be used in such a manner."

Plainly, this assertion is not consistent with participation in the military. Therefore, the Board's conclusion is specious. Similarly, the Board's character-

2. The Conscientious Objector Review Board's findings constitute the official reasons for the Army's decision, and the Army is bound by the Board's opinion. United States ex rel. Sheldon v. O'Malley, 420 F.2d 1344 (D.C.Cir. 1969); Owens v. Commanding General, 307 F.Supp. 285 (N.D.Cal.1969).

3. The Board also relied on unfavorable recommendations from the interviewing chaplain, petitioner's battalion commander, and petitioner's brigade commander, each of which contained no more than conclusory findings of insincerity. The Ninth Circuit has made it clear, however, that "mere disbelief in the sincerity of a registrant, grounded on no objective evidence of insincerity, will not suffice to deny a registrant an exemption as a conscientious objector." United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971).

ization of petitioner's beliefs as "pragmatic" is tainted by a selective reading of the record. Petitioner stated in his application:

> "The nature of my belief is both moral and religious. God's law as related to man by Jesus Christ is one of peace and brotherly love. I believe the taking of life is a sin and therefor can not participate in such activities. * * * Armies are not the answer. I believe in the Brotherhood of Man and the Earth. I want our world to be a happy fulfilling place to live and I see no place for war in the building of this objective. War will not bring peace, it only conquers people. Abstenance from war is the first step to peace, then education and finally the realization of the concept of the Brotherhood of Man and One Earth."

The Board characterized this statement as "pragmatic". Based on United States v. Seeger, *supra,* this court must characterize it as "religious." The Supreme Court there said:

> "Some believe in a purely personal God, some in a supernatural deity; *others think of religion as a way of life envisioning as its ultimate goal the day when all men can live together in perfect understanding and peace."* 380 U.S. at 174, 85 S.Ct. at 858, 13 L. Ed.2d 733 (emphasis added).

Under this test, petitioner's statement is indisputably religious. Although petitioner adverted to his belief that war is not the answer to the world's problems, the mere coincidence of an applicant's moral and religious beliefs with other views is not a basis for denial. The Board's apparent conclusion that petitioner's mention of those views vitiated the religious character of his application cannot stand. The insufficiency of these reasons thus appears on the face of the record.

■ Undoubtedly, "the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form." Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955). To the extent that the Board's recommendation encompasses disbelief in the petitioner's sincerity, that finding is likewise unsupported by any legally sufficient evidence. As to the absence of an explanation for petitioner's change in position, the record shows that petitioner stated in his application that the change in his original feeling that he could serve as a noncombatant was brought about by reflection during the six months of duty since his 1–A–O application: "I have realized that to live up to my moral and religious beliefs I can not continue to be a part of the Army. I have given my body as a weapon of the war, no matter how insignificant." Petitioner stated that he "had to try" to serve as a noncombatant and "to test myself to be sure of my feelings." This statement on the face of the record belies the hearing officer's conclusion that there was no explanation for petitioner's change of position. Nor is the change in petitioner's beliefs a "radical" change in position casting doubt on his sincerity. In United States v. Newton, 435 F.2d 671, 674 (9th Cir. 1970), the Court of Appeals said:

> "Inconsistency in Newton's application for conscientious objector status cannot support a finding of insincerity. To so hold would be to hold that a registrant who was originally opposed only to combatant war could never develop a sincere religious or philosophical belief against noncombatant war because such would be inconsistent with his original position. Such reasoning is defective on its face."

*See also* United States v. Washington, 392 F.2d 37 (6th Cir. 1968). Thus, no basis in fact for a finding of insincerity appears from the maturation of petitioner's conscientious objections to military service.

Further, the applicant's demeanor and method of presentation of his answers do not provide a basis in fact for denial when they are offered as the entirely subjective and conclusory opinions of the hearing officer. *See* Frisby v. Larsen, 330 F.Supp. 545 (N.D.Cal. 1971): "The written record tells us nothing of applicant's demeanor, and shows nothing that is mechanical or rehearsed about petitioner's expression of his own beliefs." In the absence of specific instances of dissembling or evasion, such conclusory opinions as are present here cannot serve as a basis in fact for a finding of insincerity.

Finally, the timing of petitioner's application does not reflect adversely on his sincerity. It was made before he had received notice from the Army that he had been granted 1–A–O status; and the petitioner explained the reason for the delay. Moreover, the Ninth Circuit has not held that late filing *alone* is a sufficient basis in fact for a finding of insincerity. *See* Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969). In this case, petitioner declined to take weapons training and promptly filed for conscientious objector status. There was no prolonged period of active service or participation in weapons training after the beliefs had allegedly formed (as in Speer v. Hedrick, *supra*). In the circumstances of this case, it cannot be said that filing an application for discharge after six months of service, during which time petitioner declined to take weapons training on the basis of his pending application for conscientious objector status, is sufficient by itself to raise any genuine doubt about petitioner's sincerity.

It is hereby ordered that Michael J. Stauffer's petition for a writ of habeas corpus be granted, and that, being illegally restrained of is liberty, he be released from the custody and control of the United States Army and the custody and control of respondents.