**Paul Brown MAYNARD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22887.

United States Court of Appeals
Ninth Circuit.

March 28, 1969.

Rehearing Denied May 1, 1969.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Larry S. Flax (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and VON DER HEYDT,* District Judge.

VON DER HEYDT, District Judge.

Appellant, a Jehovah's Witness, was placed in Selective Service Class I–A by both his local Selective Service Board and an Appeal Board, despite his claim to be a conscientious objector. When called for service, he refused to be inducted. This led to his conviction under 50 U.S.C. App. § 462 (Supp. III, 1968) and a sentence of three years imprisonment. He urges on appeal that there was no basis in fact for the Board's refusal to classify him as a conscientious objector, and therefore the conviction must be reversed.

■ The range of judicial review of the determinations of Selective Service Boards has been called "the narrowest known to the law." Blalock v. United States, 247 F.2d 615, 619 (4th Cir. 1957). The "basis in fact" which will support the Board's decisions need not even rise to the level of "substantial evidence." All that is required is that where the registrant has made out a prima facie case for exemption, there must be "some proof that is incompatible with the registrant's proof of exemption." Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953).

■ The nature of such proof depends upon the nature of the prima facie case. In *Dickinson*, supra, the registrant claimed to be a "regular or duly ordained minister of religion", which claim he substantiated by evidence consisting of objective facts. In such cases there should be some evidence tending to refute the inference created by such facts, in order to warrant denial of the exemption.

In the instant case, as distinguished from *Dickinson*, Maynard claims to be a conscientious objector. The United States Supreme Court has stated:

"Here the registrant cannot make out a prima facie case from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant." Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955).

■ Since the statute exempts as conscientious objectors only those who are opposed to participation in war "by reason of religious training and belief," 50 U.S.C. App. § 456(j) (Supp. III, 1968) any fact which casts doubt on the sincerity of the registrant's religious convictions is likewise relevant.

■ Viewing the matter in this light, we hold there does exist a basis in fact for the Appeal Board's placement of Maynard in Class I–A. The Hearing Officer of the Department of Justice who interviewed appellant, found that he did not appear to have made a serious study of his religion, and that his knowledge of it was superficial. Appellant devoted less than 10 hours per month to his religious activities after July 1965. He gave as his reason for this that he was required by financial necessities to devote more time to secular work. However, at the time of the hearing he had been unemployed for two or three weeks, but had not increased his religious activities. An overseer in the LaSierra Unit of Jehovah's Witnesses, interviewed concerning Maynard's activities, said that he was unable to assign any reason for appellant's inactivity other than negligence on Maynard's part. In addition, certain in-

---

* The Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

consistencies were discovered between Maynard's version of various events and those of other witnesses.

These facts, taken together, are more than sufficient to meet the minimal standard of "basis in fact."

The conviction is therefore affirmed.