**UNITED STATES of America,**
**Appellee,**

**v.**

**Stephen R. EVANS, Appellant.**

**No. 24451.**

United States Court of Appeals,
Ninth Circuit.

April 30, 1970.

Rehearing Denied June 5, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Darrell W. MacIntyre (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and JAMESON,* Senior District Judge.

JAMES M. CARTER, Circuit Judge:

Evans was indicted for violation of the Universal Military Training and Service Act, 50 App. U.S.C. § 462, for his refusal to be inducted. He waived jury, was convicted and appeals. We affirm.

Evans' opening brief raised two basic contentions:

(1) The order to report for induction was invalid; but if on the other hand, the order was valid, he had no continuing duty to report.

(2) Evans' constitutional rights were violated in the denial of his requests to have an attorney present and to call witnesses at his hearing before the draft board.

New counsel filed Evans' reply brief and raised an additional contention, that Evans submitted a prima facie case for a I–O classification and the board should have so classified him.

I

THERE WAS A VALID ORDER TO REPORT FOR INDUCTION AND REGISTRANT WAS UNDER A CONTINUING DUTY TO REPORT.

The Selective Service file received in evidence below shows that Evans was originally ordered to report for induction October 26, 1966. Prior thereto on August 22, 1966, he had been ordered to report for a physical examination. A Statement of Acceptability (DD Form 62) dated September 2, 1966, finding him fully acceptable for induction, was mailed to him on September 21, 1966. The actual induction was not completed pending "clearance of * * * records." The clearance reaffirmed that Evans was fully acceptable and he was so notified.

Subsequently on February 27, 1968, Evans was duly ordered to report for induction on March 27, 1968. On March 19, 1968, he was ordered to report to the Examining Station for further processing, and on March 29, 1968 was again found fully acceptable for induction. On May 28, 1968 Evans was informed by letter that he was still "under this original order" of February 27, 1968 and was ordered to report for induction on June 18, 1968. Evans was not confused or misled. He reported on June 18, 1968 but refused to be inducted. The prosecution and conviction were based on this refusal.

Evans first complains that a Statement of Acceptability (DD Form 62) was not mailed to him 21 days prior to his induction date. 32 CFR § 1631.7(a) requires such mailing.

---

* Hon. William J. Jameson, Senior District Judge, District of Montana, sitting by designation.

■ Evans' Selective Service file indicates that between September 2, 1966 and June 18, 1968, a variety of challenges to Evans' acceptability were raised. However, the Statement of Acceptability of September 2, 1966, mailed to Evans on September 21, 1966 was never retracted. In such a situation only one Statement of Acceptability need be mailed to the registrant. It therefore appears Evans knew of his acceptability over a year before the receipt of the February 27, 1968 order to report.

■ Evans is unable to provide any authority to support his contention that the March 19, 1968 order to report to the Examining Station for further processing somehow invalidated the earlier valid Statement of Acceptability. This action was within the discretion of the local board and was not violative of any selective service regulation. We therefore find that on February 27, 1968 Evans was issued a valid order to report for induction.

■ Evans next contends that the May 28, 1968 letter did not validly revive the February 27 order to report one month later. In support of this position, Evans cites 32 CFR 1632.14(a).

That section provides in part, "If the time when the registrant is ordered to report for induction is postponed, it shall be the continuing duty of the registrant to report for induction upon the termination of such postponement and he shall report for induction at such time and place as may be fixed by the local board. Regardless of the time when or the circumstances under which a registrant fails to report for induction when it is his duty to do so, it shall thereafter be his continuing duty from day to day to report for induction to his local board and to each local board whose area he enters or in whose area he remains." (As to the continuing duty to report, United States v. Prince, (2 Cir. 1968) 398 F.2d 686; cert. denied 393 U.S. 946, 89 S.Ct. 322, 21 L.Ed.2d 285 (1968); Kariakin v. United States, (9 Cir. 1958) 261 F.2d 263.) Nothing in the regulations suggests that a new order is required. 32 CFR 1632.2(d) specifically provides that no new order is required in cases of formal postponements.

■ Evans seeks support from 32 CFR 1632.2. The section provides for postponement of induction in certain cases of personal or family illness. A formal postponement procedure is established. Evans contends that a postponement of induction may only take place pursuant to these provisions. We do not so read the regulations.

II

REGISTRANT WAS NOT ENTITLED TO AN ATTORNEY NOR TO WITNESSES AT THE HEARING BEFORE THE BOARD.

■ 32 CFR 1624.1(b) provides in part, " * * * [N]o registrant may be represented before the local board by anyone acting as attorney or legal counsel." We have held that the proceeding before the board is non-judicial and non-criminal. There is no justification to extend the right to counsel to such proceedings. Haven v. United States, (9 Cir. 1968) 403 F.2d 384, cert. denied 393 U.S. 1114, 89 S.Ct. 926, 22 L.Ed.2d 120 (1969). Other Circuits have so held. Nickerson v. United States, (10 Cir. 1968) 391 F.2d 760, cert. denied 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1366 (1968); United States v. Capson, (10 Cir. 1965) 347 F.2d 959, cert. denied 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965); Imboden v. United States, (6 Cir. 1952) 194 F.2d 508, cert. denied 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357 (1952).

■ 32 CFR 1624.1(b) provides in part, "No person other than a registrant shall have the right to appear in person before the local board * * * ". Since the proceeding is non-judicial in nature, the registrant is not entitled to have witnesses testify in his behalf. United States v. Nugent, (1953) 346 U.S. 1, 8, 73 S.Ct. 991, 97 L.Ed. 1417; Uffelman v. United States, (9 Cir. 1956) 230 F.2d 297, 303.

## THERE WAS NO ERROR IN DENYING REGISTRANT A I–O CLASSIFICATION.

At oral argument Evans' new counsel raised the contention that there was no basis in fact for the local board's decision to classify Evans I–A in view of his having made a prima facie case as a conscientious objector. This contention had been only briefly alluded to in prior appellate proceedings.

The selective service file shows that Evans requested an SS Form 150 (Conscientious Objector) on March 9, 1967. At that time he was subject to a prior order to report for induction. Form 150 was completed and presented to the board on March 15, 1967. The board, after considering the material submitted in the form, again classified Evans I–A. Evans was granted a personal appearance by the local board and thereafter appealed his classification to the state appeal board. On both occasions Evans was classified I–A.

The ultimate question in a registrant's claim for conscientious objector classification is his sincerity in objecting on religious grounds to participation in war in any form. This is purely a subjective question. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955). Any fact which casts doubt on the veracity of the registrant is relevant and is affirmative evidence that he has not painted a full and accurate picture. *Witmer*, supra, 381–382, 75 S.Ct. 392.

When Evans filled out his original questionnaire in 1962, in the section concerning conscientious objection, he had written "Does not apply." When he was first ordered to report for induction in 1966 he raised no conscientious objection claim, but only requested a postponement of induction.

From his SS 150 and his interview with the board, the board could rightfully have concluded and did so conclude that Evans was raising only his personal and moral objections to war, not ones based on religious training or belief, as defined in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Evans, in his SS 150, stated his belief was "the result of 24 years of experience and exposure and is a conclusion that takes into account all things to which I have been exposed (as is common with any religious belief)". There was no claim of religious training. At his hearing he admitted he would use force in certain circumstances. His summary of his appearance before the board sent in by letter, stated that "life is the one sacred entity and that it must be preserved at all costs * * *. War destroys life." Evans' credibility and demeanor were for the board to pass on. White v. United States, (9 Cir. 1954) 215 F.2d 782, cert. denied 348 U.S. 970, 75 S.Ct. 528, 99 L.Ed. 755 (1955).

In conclusion, we find no error by the board that would require reversal of Evans' conviction. The judgment is affirmed.