**UNITED STATES of America,
Plaintiff,**

**v.**

**William George JAGLA, Defendant.
Crim. No. 70-608.**

United States District Court,
N. D. California.

Dec. 23, 1970.

Stephen Adams, of Adams & Adams, San Francisco, Cal., for plaintiff.

John Milano, Asst. U. S. Atty., San Francisco, Cal., for James L. Browning, Jr., U. S. Atty., for defendant.

GERALD S. LEVIN, District Judge.

*Order Granting Defendant's Motion for Judgment of Acquittal*

Defendant William George Jagla was indicted for refusing to submit to induction into the armed forces of the United States, in violation of 50 U.S.C. App. § 462. He has been tried to the court without a jury, and the matter stands submitted upon defendant Jagla's Motion for Judgment of Acquittal.

The essential facts are not in dispute. Jagla filed a Selective Service Form 100 (Classification Questionnaire) with his local draft board in Placerville, California, on March 7, 1969. Jagla wrote that he had been born on November 7, 1950, and had been graduated from high school in June of 1968. Jagla had not gone on to college and was then unemployed, although he said that he had prior work experience in various kinds of manual labor. Jagla did not sign that portion of Selective Service Form 100 by which he could claim conscientious objection.

Thereafter on May 21, 1969, Jagla's local board sent him a notice of his classification into Class I–A. On November 10, 1969, Jagla's local board mailed to him an Order to Report for Armed Forces Physical Examination on December 4, 1969. Jagla had moved from California to Oregon, and upon that basis requested a transfer of his physical examination to a site in Oregon. This request was granted and Jagla was mailed a new Order to Report for Armed Forces Physical Examination on January 7, 1970. Jagla was duly examined and found physically acceptable for service.

Jagla wrote an undated letter received by a draft board in Oregon on January 9, 1970, and by his own local board in California on January 14, 1970, by which he asked to apply for conscientious objector status. Two supporting letters appear in Jagla's Selective Service File which said that Jagla had been working with the "Oregon Youth Revival Center" (at "Shiloh House")

since October of 1969. The letters, written respectively by a minister and the vice-president of the Center, indicated that the Center was dedicated to bringing the Gospel of Jesus Christ to the troubled youth of the community through communal efforts.

There also appears in Jagla's Selective Service File an undated post card which reads:

> This address: 745 Bellevue St. S.E., Salem, Ore., is the location of a place called Shilo. It has become a "home" for ex-drug users, etc., who are filing for C.O. status. This board hasn't heard too much about the groups (one here in Salem & one in Eugene) but if you needed or wanted additional information, you could contact Comm. Hilgers of Ore. St. Hdq. They have been collecting information on the groups for the past several months. Perhaps your headquarters would like to get some information about the groups, if they do not know of them yet. We are beginning to get fellas from other states, with same mailing address, as transfers.
>
> Just a bit of information of you.

The post card was signed only "Margaret." There has been no evidence as to the origin of the post card, whether it was solicited by Jagla's local board, or who "Margaret" was.

On February 11, 1970, Jagla's local board received his Selective Service Form 150 (Special Form for Conscientious Objectors) by which Jagla claimed exemption from service as a conscientious objector. On February 25, 1970, Jagla was mailed a notice informing him of his right to a personal appearance and appeal, and Jagla thereupon requested such personal appearance and appeal with respect to his conscientious objector claim.

A personal appearance was conducted for Jagla on April 1, 1970. The minutes for said appearance show that Jagla was retained in Class I–A by a vote of 3–0. The summary of the personal appearance, prepared by the local board's executive secretary, reads in pertinent part:

> Registrant was sworn in.
>
> The registrant did not present any new information.
>
> After review of the entire file and after considering registrants [sic] demeanor and responses to questions at the personal appearance—the board finds that the registrant is insincere.

Jagla then appealed his classification to the State Appeal Board. The State Appeal Board continued Jagla's I–A classification by a vote of 4–0. No reasons or grounds were given for its decision.

On May 22, 1970, Jagla's local board mailed him an Order to Report for Induction on May 22, 1970. Jagla reported for induction on May 22, 1970, but did there refuse to submit to induction.

### Discussion

Jagla's defense rests primarily on two arguments: first, that Jagla's due process rights were violated when he was not informed of nor given an opportunity to explain or rebut the contents of the post card from "Margaret" and second, that insufficient grounds appear in his Selective Service File to provide a basis in fact for the denial of his conscientious objector claim. Although it is not certain that either of the above asserted grounds standing alone would demand an acquittal under the circumstances present here, the court does find that acquittal is required when both grounds are taken together.

■■ The classification given Jagla by his local board can only be overturned if it is without basis in fact. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Where, as here, the registrant seeks classification as a conscientious objector, the ultimate question is his sincerity. Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

■■ The Government concedes that Jagla has made out a prima facie case

of entitlement to classification as a conscientious objector, but seeks to support the denial thereof by pointing to the statement of Jagla's local board which found him insincere because of his demeanor and responses to questions. The courts have recognized that a local board may find a registrant insincere in his beliefs because of his demeanor. United States v. Abbott, 425 F.2d 910, 913 (8th Cir. 1970); United States v. Evans, 425 F.2d 302, 305 (9th Cir. 1970); United States v. James, 417 F.2d 826, 829 (4th Cir. 1969); United States v. Corliss, 280 F.2d 808, 814 (2d Cir. 1960), cert. den., 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960). Such a finding must, however, be specific, see United States v. Coffey, 429 F.2d 401, 405 (9th Cir. 1970); United States v. Deere, 428 F.2d 1119, 1122 (2d Cir. 1970); United States v. James, *supra*; Hand v. Laird, 3 SSLR 3298, 3299 (N.D. Cal.1970), and cases cited therein, and must be "honest and rational." United States v. Corliss, *supra*; United States v. James, *supra* 417 F.2d at 832; United States v. Hesse, 417 F.2d 141, 144 (8th Cir. 1969); Baker v. Laird, 316 F.Supp. 1, 6 (N.D.Cal.1970); Owens v. Commanding General, 307 F.Supp. 285, 287 (N.D.Cal.1969). The court finds that the local board's statement of disbelief here was neither sufficiently detailed nor honest and rational.

Local boards are not required to document their actions with detailed findings of fact as is often required in the judicial process. Yet in order to make possible intelligent review from a decision of the board, the board must at least proffer sufficient information from which the registrant can do something in response. Where a board's denial of a requested classification rests on citation to specific facts, the registrant at least knows the nature of the evidence against him and can possibly present counter evidence. Where, on the other hand, the board rests its decision solely on disbelief of the registrant's demeanor based on an unexplained impression, intelligent review is impossible.

Any denial of a conscientious objector claim based on an evaluation of demeanor poses a serious threat of abuse, and this is more true still where the board does not even attempt to describe in what ways the registrant's demeanor impressed them unfavorably. The board here did not state that Jagla made inconsistent statements at his personal appearance,[1] or that he was unduly shifty or evasive,[2] or otherwise left the board with the firm conviction that he was insincere in the face of an uncontradicted prima facie case.

An evaluation of demeanor by a local board is also suspect because of the possibility that the board may misinterpret the meaning or elements of demeanor[3] or will misinterpret the actions and attitude of the registrant. Although recent case law has begun to stress the fact that the local boards are to aid registrants in the full and accurate presentation of their claims, it is still true that the registrant's personal confrontation with his board remains adversarial in nature. Unlike the traditional courtroom adjudication, the registrant in the draft board setting has few traditional safeguards and many more handicaps. As of the present, the registrant cannot be represented by counsel at his personal appearance and often has no one present (other than the board members) to whom he can turn for advice or support. We note that in the case at bar, for example, Jagla was still a teenager with only a high school education when he appeared before his board for his personal appearance. It is

---

1. See Caverly v. United States, 429 F.2d 92, 94 (8th Cir. 1970); United States v. Lonseth, 300 F.Supp. 857, 859 (D.Or. 1969).

2. See United States v. Prince, 310 F.Supp. 1161, 1166 (D.Me.1970).

3. The term "demeanor" is a legal term of art which might well be misunderstood by the preponderance of local board members who lack formal legal training.

little wonder that he might appear nervous, hesitant, worried or the like, if that is indeed what happened.[4] Certainly not only the articulate may qualify as conscientious objectors. United States v. Deere, *supra* 428 F.2d at 1121; United States v. James, *supra* 417 F.2d at 829.

The finding of insincerity made by Jagla's board is also infected by the presence of the post card from "Margaret" in his Selective Service File, a damaging piece of evidence of which Jagla was neither informed nor given an opportunity to rebut. Numerous courts have held that the failure to inform the registrant of such material in his Selective Service File denies him basic due process of law. *E. g.*, United States v. Cabbage, 430 F.2d 1037 (6th Cir. 1970); United States v. Abbott, *supra* 425 F.2d at 913n. 4; United States v. Cummins, 425 F.2d 646, 649 (8th Cir. 1970); United States v. Owens, 415 F.2d 383, 388–389 (8th Cir. 1969); Nevarez Bengoechea v. Micheli, 295 F.Supp. 257, 258–259 (D.P.R. 1969); United States v. Gustavson, 3 SSLR 3099, 3100 (N.D.Ill.1969).

■ Although Jagla's local board did not refer directly to the information contained in the post card as a basis for denying his claim, the recitation by the board's executive secretary does reveal that the board reached its decision after a "review of the entire file." The court assumes, therefore, that the board looked at all the material in the file, including the subject post card. A fair view of the proceedings raises too great a belief that the board used the unexplained and broad reference to demeanor to mask an underlying but not provable opinion that Jagla was, to follow the innuendo of the post card, insincere. Such suspicion and speculation on the part of the board does not provide a basis in fact for the denial of Jagla's claim to conscientious objection. *See* Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953); United

States v. Owen, *supra* 415 F.2d at 390; Weber v. Inacker, 317 F.Supp. 651, 657 (E.D.Pa.1970).

The court notes finally that Jagla did appeal his classification to the State Appeals Board, but on the facts of this case such review could not cure the errors committed below by the local board. *See* United States v. Kember, 437 F.2d 534 (9th Cir. 1970).

Accordingly, the court does hereby grant defendant's Motion for Judgment of Acquittal. It is so ordered.

---

4. In United States v. Hesse, *supra,* the court noted that there existed evidence in that case that the registrant had been nervous before the hearing officer (on an application for an in-service conscientious objector claim), but the court found that such fact standing alone was not evidence of doubtful demeanor.