Daniel **FREY**, Appellant,

v.

Lt. General Stanley R. **LARSEN**, Commanding Officer, Sixth Army, et al., Appellees.

No. 26854.

United States Court of Appeals, Ninth Circuit.

Sept. 20, 1971.

Paul Harris, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Richard F. Locke, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before MADDEN,* Senior Judge, United States Court of Claims, and DUNIWAY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal from the district court's denial of Frey's petition for a writ of habeas corpus seeking discharge from the Army as a conscientious objector. This court has jurisdiction pursuant to 28 U.S.C. § 2253.

On June 16, 1969, Frey was inducted into the United States Army for two years of active duty. On December 23, 1969, subsequent to receiving his orders for Vietnam and just prior to his scheduled departure overseas, appellant filed with the Oakland Army Base an application for discharge from the Army, claiming that he was conscientiously opposed to war in any form. In accordance with Army Regulation 635–20 para. 4(c) and (d),[1] Frey was interviewed by a chaplain, a psychiatrist, and an officer of grade O–3 or higher. The psychiatrist found his mental status to be within normal limits. The chaplain noted the religious source of his objection and concluded that "[h]is outlook on life has been influenced by his reli-

gious beliefs and will continue to be so." The O–3 hearing officer, however, concluded that appellant's objection had no religious basis, that it was the same as it had been prior to induction, and that he did not object to all wars. C.T. 73–74. Frey submitted a letter of rebuttal to the hearing officer's adverse findings. C.T. 75–77.

Appellant's file was subsequently reviewed by the Army Conscientious Objector Review Board.[2] The Board recommended disapproval, giving as its reasons that Frey's objection was to a particular war and that his views were fixed prior to his entry into military service. C.T. 158–59. The application was ultimately disapproved by the Adjutant General on the basis that appellant's claim was "based on objection to a particular war rather than being opposed to war in any form". C.T. 78.

Almost immediately Frey filed a second application which differed from the first only in the more lengthy articulation of his asserted objection to war in any form. He again was interviewed by a psychiatrist and a chaplain, the latter concluding that Frey was not sincere in his objection to participation in war in any form and that his belief was not primarily religious in basis and origin. C.T. 99. No facts or reasons were given in support of these findings. Frey again submitted a letter of rebuttal.

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. "c. An individual requesting discharge will receive a counseling interview by a chaplain and a psychiatric interview by a psychiatrist (or medical officer if a psychiatrist is not available). The chaplain will submit a report of the interview to include comments on the sincerity of the applicant in his belief and an opinion as to the source of the belief. The psychiatrist will submit a report of psychiatric evaluation indicating the presence or absence of any psychiatric disorder which would warrant treatment or disposition through medical channels.

   "d. The applicant will be afforded an opportunity to appear in person (with counsel retained by him, if he desires) before an officer in the grade of O–3, or higher, who is knowledgeable in policies and procedures relating to conscientious objector matters.

   "(1) After permitting the applicant to be heard in support of his application and making such other inquiry into the merits of the application as he considers appropriate, the officer will enter his recommendation and the reasons therefor into the file."

2. "The Board is composed of a senior officer, an officer in the Judge Advocate General Corps, a chaplain, and a Medical Corps officer. Only two votes are required to approve an application." Ehlert v. United States, 402 U.S. 99, 107 n. 11, 91 S.Ct. 1319, 1324, 28 L.Ed.2d 625 (1971).

A second O–3 hearing officer determined that appellant's beliefs, although religious in nature, were not sincerely held. C.T. 102–04. This opinion as to Frey's insincerity was based on (1) the fortuitous syncronization of his beliefs with his imminent departure for Vietnam; (2) the absence of any public expression of his religious beliefs against participation in war in any form prior to reporting for processing to Vietnam; (3) statements which suggested that, notwithstanding his opposition to killing in all wars, appellant was opposed to non-combatant duty only in politically unpalatable wars; (4) appellant's lack of deep thought concerning the extent of his professed beliefs; and (5) his statement that he had not applied for I–A–O (Noncombatant Duty) status because he would have been sent to Vietnam. Once again appellant submitted a letter of rebuttal to the adverse findings. C.T. 105–07.

Appellant subsequently received a favorable recommendation from his commanding officer (C.T. 195) and unfavorable recommendations from two reviewing officers. C.T. 184, 185. The file was again forwarded to the Army Conscientious Objector Review Board. The Board recommended disapproval this time on the basis that Frey's professed beliefs were not truly held. C.T. 161. In making this recommendation the Board relied upon the fact that the application was filed after receipt of orders for Vietnam and that the application indicated that appellant was opposed to this particular war rather than war in any form. The Board also noted that a chaplain, a hearing officer and two reviewing officers all doubted Frey's sincerity. The application was ultimately disapproved by the Adjutant General

on the ground that Frey's views were not truly held. C.T. 162.

Having been unsuccessful in obtaining an administrative discharge, appellant filed a petition for writ of habeas corpus in the District Court for the Northern District of California, the jurisdiction in which he was in "custody," Johnson v. Laird, 435 F.2d 493, 496 (9th Cir. 1970), and which contained his custodian; i. e., an officer in his chain of command. Schlanger v. Seamans, 401 U.S. 487, 489, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971); Strait v. Laird, 445 F.2d 843 (9th Cir. 1971). The district court reviewed the record for both applications and concluded that there was a basis in fact for the Army's determination. C.T. 231–32. This appeal followed. We affirm.

■ Our review of military determinations is said to be "the narrowest known to the law." Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969), aff'd sub nom. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). We are limited to a determination of whether there is a basis in fact in the record for the military determination. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). In other words, the only issue before this court is whether there is a basis in fact for the Army's finding that appellant was insincere in his asserted objection to participation in war in any form.

■ This court has held that a disbelief in sincerity sufficient to justify a denial of conscientious objector status must be supported by objective facts in the record from which the administrative board could have fairly drawn an inference of sham or insincerity.[3] United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971).[4] The filing of an applica-

---

3. The requirement that a finding of insincerity be supported by objective facts does not prevent the administrative body from relying on demeanor evidence. Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392, 99 L.Ed. 428 (1955). The administrative record must, however, contain a statement that such demeanor

evidence was considered. United States v. Newton, 435 F.2d 671, 674 (9th Cir. 1970); United States v. Haughton, 413 F.2d 736, 738–739 (9th Cir. 1969).

4. Although United States v. Hayden, 445 F.2d 1365 (9th Cir., 1971), involved a determination by a Selective Service local

tion for discharge as a conscientious objector after receipt of orders to report to Vietnam is an objective fact which may be considered by the military in determining the applicant's sincerity. Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969). However, it is a subject of some doubt in this circuit as to whether late filing alone constitutes a basis in fact for a determination of insincerity. Zemke v. Larsen, 434 F.2d 1281, 1282 n. 1 (9th Cir. 1970).

Nevertheless, there are additional matters in the record which supply the minimal quantum of facts necessary to constitute a basis in fact. In his interview before the second hearing officer, Frey indicated that he might be willing to participate in a noncombatant role in a defensive war if this country was attacked. C.T. 104. The hearing officer could have fairly concluded that this admission was inconsistent with a present objection to participation in war in any form. See Gillette v. United States, supra, 401 U.S. at 439, 91 S.Ct. 828.

In his letter of rebuttal to the findings of the second hearing officer, Frey attempted to clarify his statement:

"The crucial factor here is the totally unprovoked nature of the attack. In such an instance I might feel called upon to perform some non-combatant service—but only in an effort to minimize the loss of life on both sides. It is not, as Capt. Segretti believes, that I am opposed to killing in all wars and to non-combatant duty only in politically unpalatable wars; I am opposed to participation in all wars which have not arisen from an unprovoked attack on the U.S., all wars which have arisen in some way as a result of U.S. policy. The person who can categorically and unequivocally say that in no way, shape, or form could he participate in any war—whether offensive or defensive—has his head in the sand. My beliefs revolve around those types of wars in which the U.S. might conceivably be involved in present world conditions." C.T. 106.

This letter, which was part of the record before the Conscientious Objector Review Board, clearly supports the hearing officer's finding and justifies the Board's own conclusion that Frey did not truly oppose participation in war in any form, but only particular wars such as Vietnam which he believed to be the product of misguided or immoral policies.

█ Thus, the timing of the application with Frey's impending departure for the battle zone, coupled with the inconsistency between his statement to the hearing officer and his claim that he was opposed to war in any form, constituted a sufficient basis in fact predicated upon substantial considerations, for the Army's determination that appellant's beliefs were not sincerely held. The narrow scope of our review requires us to look no further. However, it should be noted, as was done by the Board, that in addition to the second hearing officer, a chaplain and two reviewing officers also doubted Frey's sincerity.

Judgment affirmed.

board, "the standards for measuring claims of in-service objectors * * * are the same as the statutory tests applicable in a pre-induction situation."

Gillette v. United States, 401 U.S. 437, 442, 91 S.Ct. 828, 832, 28 L.Ed.2d 168 (1971).