**UNITED STATES of America, Appellee,**

v.

**Salvatore Anthony FERRAIOLI, Defendant, Appellant.**

**No. 73–1092.**

United States Court of Appeals, First Circuit.

Argued June 6, 1973.

Decided July 5, 1973.

Michael S. Field, Boston, Mass., with whom Field, Rudnitsky, Mullane & Schultz, Boston, Mass., was on brief, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Salvatore Anthony Ferraioli appeals from his conviction under 50 U.S.C. App. § 462 for refusing to submit to induction into the Armed Forces. We find it necessary to discuss only those arguments raised by appellant which are not foreclosed by our recent decision in United States v. Ford, 478 F.2d 169 (1st Cir.

1973).[1] Two matters remain for our consideration.

■■ Appellant first contends that the local board improperly refused to reopen his classification to consider his request for a 1-Y deferment. This request was based on a letter written by a civilian psychiatrist which diagnosed appellant as suffering from "anxiety neurosis" and predicted difficulties both for him and for the military if he were to be inducted into the army. The psychiatrist's findings were based on two "extended" interviews with appellant, and included a recommendation that he seek psychotherapy at an early date. Previous to appellant's request for reopening, the above information had been considered by an army psychiatrist who, after examining appellant, nevertheless found him medically qualified for induction. This finding was subsequently approved by a medical officer and by the Surgeon General. Appellant argues, however, that the information presented to his local board constituted a *prima facie* claim for a 1-Y deferment and that the board therefore contravened the holding of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), in refusing to reopen his classification. We agree with appellant that the army's findings as to his psychiatric fitness to serve could not "conclusively refute" his allegations of disability, and that the board's failure to reopen can therefore not be justified on this ground. *See* United States v. Butterfield, 5 SSLR 3904, No. 72–240 (D.Ore. Dec. 23, 1971); *cf*. United States v. Ford, 431 F.2d 1310 (1st Cir. 1970). We cannot agree, however, that a *prima facie* claim for exemption was made out. The grounds for psychiatric disqualification from induction into the Armed Forces are set forth in Army Regulation 40–501, Chapter 2, Section XVI. The letter submitted by appellant contains no allegations of fact which, under these standards, would have been sufficient to warrant granting the requested classification. For example, there is no indication that appellant's psychiatric condition has ever resulted in hospitalization, prolonged care by a physician, repeated loss of time from normal pursuits or impaired school or work efficiency. Similarly, to the extent that appellant suffered from "immaturity, instability, personality inadequacy, and dependency," these character disorders were not manifested in the manner set forth by the regulation. Army Regulation 40–501, subsection 2–34(b). The only disqualifiable category into which he might arguably fall is that requiring "a brief psychoneurotic reaction . . . sufficiently severe to require medical attention or absence from work or school for a brief period." Army Regulation 40–501, subsection 2–33(b). It is clear from the record, however, that appellant's two interviews with a psychiatrist were merely evaluatory in nature and not sufficient to meet the requirement of "medical attention" within the meaning of the above regulation. Since no *prima facie* claim for deferment on medical grounds was presented, the local board properly refused to reopen appellant's classification. *See* Benitez-Manrique v. Micheli, 439 F.2d 1173 (1st Cir. 1971).

---

1. Insofar as appellant attempts to distinguish *Ford* on it facts, we note that his claim for conscientious objector classification was virtually identical to that presented by the registrant in the earlier case. Like *Ford*, appellant characterized himself as a "selective" conscientious objector, and limited his application of the Catholic "just war" theory to the Vietnamese conflict. *Compare* United States v. Berg, 310 F.Supp. 1157 (D.Me.1970). Moreover, an examination of appellant's detailed explanation of his beliefs, both in his Form 150 and in his oral statements before the local board, clearly reveals that he was able to contemplate "real shooting wars," Sicurella v. United States, 348 U.S. 385, 391, 75 S.Ct. 403, 99 L.Ed. 436 (1955), in which he could conscientiously participate. *Compare* United States v. Curry, 410 F.2d 1297 (1st Cir. 1969). This being the case, appellant did not present a *prima facie* claim for exemption, and was accordingly not entitled to a statement of the local board's reasons for denying the requested classification.

■■ Appellant also challenges the local board's refusal to admit his father as a witness at a personal appearance before the board relating to his conscientious objector claim. The relevant Selective Service regulation provides as follows:

"No person other than a registrant shall have the right to appear in person before the local board, but the local board may, *in its discretion*, permit any person to appear before it with or on behalf of a registrant . . . ." 32 CFR § 1624.1(b). (Emphasis added.)

Especially in view of the fact that appellant's father had already submitted a written statement to the local board attesting to his son's sincerity as a conscientious objector, it cannot be said that there was an abuse of discretion in this case. Nevertheless, appellant argues that the board's refusal to allow his father to testify deprived him of the fair hearing required by due process of law. The requirements of due process, however, "frequently vary with the type of proceeding involved," Hannah v. Larche, 363 U.S. 420, 440, 80 S.Ct. 1502, 1513, 4 L.Ed.2d 1307 (1960); K. Davis, Administrative Law Treatise § 7.01, at 408 (1958), and it is important to remember in this context that the Selective Service System is "calculated to function .. . in times of peril." United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 996, 97 L.Ed. 1417 (1953). In weighing the importance of a registrant's right to have witnesses appear personally before the board, therefore, the necessities of efficiency and expedition cannot be entirely ignored. The most convincing evidence of a registrant's sincerity in claiming conscientious objector status will ordinarily be presented by the registrant himself. When provision is additionally made for the submission of supportive written statements from others, we cannot say that it violates fundamental fairness to curtail a registrant's right to have these statements repeated orally to the board. *See* United States v. Evans, 425 F.2d 302, 304 (9th Cir. 1970), cert.

denied, 402 U.S. 987, 91 S.Ct. 1648, 29 L.Ed.2d 153 (1971); Uffelman v. United States, 230 F.2d 297, 303–304 (9th Cir. 1956); *see also* United States v. Nugent, *supra*.

Finally, we note that appellant's invocation of Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959) is without merit.

The judgment is affirmed.