Albert V. FRISBY, Plaintiff-Appellee,

v.

General Stanley LARSEN et al., Defendants-Appellants.

No. 71-2771.

United States Court of Appeals, Ninth Circuit.

Aug. 31. 1973.

Rehearing and Rehearing En Banc Denied Nov. 28, 1973.

Capt. Stephen D. Petersen (argued), 6th U.S. Army Office of the Staff Judge Advocate, James L. Browning, Jr., U. S. Atty., Janet Aitken, John F. Cooney, Jr., F. Steele Langford, Frederic F. Tilton, Asst. U. S. Attys., San Francisco, Cal., for defendants-appellants.

Richard L. Romano (argued), San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before MERRILL and CARTER, Circuit Judges, and EAST, District Judge.[*]

PER CURIAM:

The petitioner-appellee Frisby was inducted into the Army on June 8, 1970. He became conscientiously opposed to personal armed combat and applied for reassignment to non-combatant duties under (AR) 600–200. To support the application Frisby presented his statements and documentary evidence communicating and expostulating his religious belief in existence of and the Deity's establishment and sanctification of all life. The Army officials found Frisby's religious beliefs to be "sincerely and deeply" held, speedily approved and reassigned him to training as a medical corpsman on November 25 following.

After some days of exposure to the reassignment duties and his readings of Army field manuals, Frisby concluded that he as a medical corpsman in combat would be involved not as a humanitarian helping the sick and wounded generally, but on the contrary he would be actively assisting the combat operations under order to favor "those patients who can be returned to immediate duty, rather than those more seriously injured."

Frisby thereupon applied for discharge under (AR) 635–20 on the following December 14th. A hearing officer found Frisby to be "insincere" in his beliefs as asserted, and extended, and the Conscientious Objector Review Board (CORB) on April 12, 1971, accepted the hearing officer's finding and rationale in denying the application for the reason that Frisby lacked the "depth of conviction to qualify for discharge."

The hearing officer's finding of "insincerity" of religious beliefs was based upon essentially the same evidence and is completely at variance with the Army officials' findings and conclusions in granting the status of conscientious objector to Frisby only a few weeks before and cannot stand.

The extension of Frisby's religious beliefs in opposition to personal combat duties to include the duties as a medical corpsman, involves a personalized reading of the Army field manuals and understanding of the duties required, and is a recognized permissible concept. United States v. Newton, 435 F.2d 671 (9th Cir. 1970).

Frisby's statements and documentary evidence before the hearing officer presented a *prima facie* showing of his personalized rational extension of his religious belief. The record before the hearing officer and CORB is devoid of any evidence in opposition to Frisby's statement and documentary evidence in support of the *prima facie* case. The hearing officer's appraisal of Frisby's presentation and appearance which caused him to disbelieve Frisby has no factual foundation in the record. The timing, or brief lapse of time between Frisby's two applications is not viable or probative evidence in and of itself to support any inference adverse to Frisby's "sincerely and deeply" held religious beliefs. *Newton*, supra, at 674.

We conclude that the hearing officer's findings of insincerity are not supported by any evidence and were arbitrarily made and further that CORB's denial of Frisby's application for discharge was unlawful and invalid. *Newton*, supra. The District Court's order granting writ of habeas corpus entered on August 4, 1971, 330 F.Supp. 545, is affirmed.

JAMES M. CARTER, Circuit Judge (dissenting):

This is an appeal from the district court's grant of a writ of habeas corpus to an in-service conscientious objector. Frisby v. Larsen (N.D.Cal.1971) 330 F. Supp. 545. The majority has sustained the action of the district court.

---

[*] Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Two principal questions are involved:

(1) Was there a basis in fact for the military's decision not to grant appellee Frisby a I–O classification, within five months of granting him a I–A–O [non-combatant] classification?

(2) May demeanor evidence alone provide a basis in fact?

Respectfully disagreeing with the majority, I dissent and would reverse, answering both questions in the affirmative.

### Facts

Frisby was inducted into the Army on June 8, 1970. On August 9, 1970, he completed basic combat training and was assigned to another post for advanced infantry training. The next day, August 10, he applied for in-service non-combatant status as a I–A–O conscientious objector. This application was approved by the designee of the Secretary of the Army on November 25, 1970, and Frisby was so notified on or about December 1, 1970.

Frisby was then to be assigned for training as a medical corpsman. He looked through a manual for medics, and came to the position that he could not support the taking of lives through duty as a medic. As of December 9, 1970—eight days after he was notified of his I–A–O classification—Frisby had begun gathering letters in support of an application for a I–O classification [conscientious objection to any participation in war], which would, if granted, require his discharge from the Army.

During the processing of this new application, a psychiatrist found Frisby had no mental disorder, and a chaplain said Frisby's objection to any form of service was sincere, and based on "personal moral persuasions."

Captain Martin Heming, Judge Advocate General's Corps, the O–3 hearing officer, after interviewing Frisby, rejected his application on four grounds:

(1) lack of sincerity, based on observation of Frisby's demeanor at the hearing, and his apparently rote-learned answers to difficult questions; (2) sudden change from his I–A–O beliefs; (3) the mechanical nature of his responses to questions, and lack of effort to answer; and (4) his apparently flippant attitude that it would be nicer to be out of the Army than in it. On administrative review, both Frisby's company commander, Captain Newman, and his battalion commander, Lt. Col. Andersen, interviewed him, and endorsed the O–3 hearing officer's strong recommendation for disapproval of the application.

Relying on the three officers' views, the Conscientious Objector Review Board (CORB) denied the application on April 12, 1971. The CORB specifically set out the O–3 officer's findings and relied upon them. Frisby filed this petition for a writ of habeas corpus on April 27, 1971, which was granted on August 4, 1971.

### Basis in Fact

The district court stated that Frisby's case "was one of unusual strength. . . ." 330 F.Supp. at 547. It found that ". . . his present beliefs . . . were expressed by his applications in a manner both simple and on occasion eloquent," and quoted parts of the application. *Id.* at 546 and n. 2. The court proceeded to hold " . . . that *the 'basis in fact'* [must] be 'rational', consist of 'hard, provable, reliable facts', and *be evaluated with reference to the strength of countervailing evidence in the record.*" *Id.* at 549 [footnotes omitted; emphasis added].

It is in the italicized portion of this holding that the district court fell into error. It cited two district court cases, *id.* at n. 16, for this impermissible weighing of the evidence. One of those cases is reported. Shirer v. Hackel (N. D.Cal.1970) 330 F.Supp. 369. It is by the same district judge, and states:

"The 'basis in fact' required to uphold the agency finding must there-

fore vary in strength according to the persuasiveness of the *prima facie* case made by the applicant. Maynard v. United States, 9 Cir., 409 F.2d 505 (1969) [cert. den., 396 U.S. 834, 90 S. Ct. 91, 24 L.Ed.2d 85]." *Id.*, 330 F. Supp. at 370.

The *Maynard* case, upon which the district court relied in this case, through *Shirer*, does not support the proposition for which it was used. *Maynard* correctly states that judicial review of selective service classifications is "the narrowest known to the law." All that is required is that the agency determination have a "basis in fact" which "need not even rise to the level of 'substantial evidence.'" *Maynard, supra,* 409 F.2d at 506. It then goes on to say that a basis in fact exists for the agency determination, where, although the registrant has made out a prima facie case for exemption, there is "some proof that is incompatible with the registrant's proof of exemption." *Ibid.*, quoting Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953). Then comes the key statement, apparently misinterpreted by the district court below: "The nature of such proof depends upon the nature of the prima facie case." *Ibid.*

The district court apparently read *"nature"* to mean that the *level* or *weight*, rather than *type*, of the evidence against the registrant, must vary with the *strength*, rather than *type*, of the registrants prima facie case. How else can one explain the district court's statement that the basis in fact must "be evaluated with reference to the strength of countervailing evidence in the record"? 330 F.Supp. at 549.

This interpretation is incorrect. *Maynard* cited *Dickinson*, which was a ministerial exemption case. *Maynard* then went on to quote from Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392, 99 L.Ed. 428 (1955), to the effect that objective evidence must appear to counter a *ministerial exemption*, because the question in those cases is an objec-

tive one, namely, whether or not the registrant is in fact a minister. But *Witmer* points out that in the conscientious objector cases such as ours, the question is a subjective one—whether or not the registrant is sincere. The following language from *Witmer* is quoted in *Maynard*, but ignored by the district court:

> "Here [in C.O. cases] the registrant cannot make out a prima facie case from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant." *Witmer, supra,* 348 U.S. at 381–382, 75 S.Ct. at 396.

Obviously, then, as *Maynard* held, if the administrative file in a conscientious objector case contains credible contradictory evidence concerning the registrant's sincerity, the court must concede the agency's findings based on that evidence. The court is not permitted to re-weigh the evidence, which is the exclusive province of the agency. *Witmer, supra,* 348 U.S. at 380–381, 75 S.Ct. at 395, so holds:

> "It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. . . . The classification can be overturned only if it has 'no basis in fact.'"

To similar effect is *id.* at 383, 75 S.Ct. 392; *see* Speer v. Hedrick (9 Cir. 1969) 419 F.2d 804, 806 (per curiam).

Further examination of the district court's opinion below shows that it im-

permissibly weighed evidence. For example, after referring to the conclusions and reasons of the O–3 hearing officer, which were adopted by the CORB, the court said:

"The *written* record tells us nothing of applicant's demeanor, and shows nothing that is mechanical or rehearsed about petitioner's expression of his own beliefs. See United States v. Jagla, 330 F.Supp. 962 (N.D.Cal. 1970); see also United States v. Newton, 435 F.2d 671 (9 Cir. 1970)." *Frisby*, 330 F.Supp. at 548.[1]

The district court apparently felt it could weigh demeanor evidence against the written record. This contrasts sharply with the following statement from *Witmer, supra,* 348 U.S. at 382, 75 S.Ct. at 396:

"If, as here [in C.O. cases], the issue is the registrant's sincerity and good faith belief, then there must be some inference of insincerity or bad faith.

"Since Witmer stated his beliefs with apparent sincerity, and since we find no indication anywhere in the record that his demeanor appeared shifty or evasive or that his appearance was one of unreliability, we must examine the objective facts before the Appeal Board to see whether they cast doubt on the sincerity of his claim."

Such language makes clear that demeanor evidence can suffice to negate a registrant's C.O. claim. Furthermore, once such evidence appears, a court may not proceed to weigh it against other evidence, and need not search into the written record for objective facts indicative of insincerity. Credibility and demeanor are for the agency to pass on. United States v. Evans (9 Cir. 1970) 425 F. 2d 302, 305, cert. den., 402 U.S. 987, 91 S.Ct. 1648, 29 L.Ed.2d 153 (1971). The district court therefore improperly broadened the scope of its review.

### Demeanor Evidence

The use of demeanor evidence on the sincerity question is proper. White v. United States (9 Cir. 1954) 215 F.2d 782, 786–787, cert. den., 348 U.S. 970, 75 S.Ct. 528, 99 L.Ed. 755 (1955); United States v. Evans, *supra.* However, the agency may not merely state that it found the applicant insincere. United States v. Haughton (9 Cir. 1969) 413 F. 2d 736, 739, 742–743; United States v. French (9 Cir. 1970) 429 F.2d 391. At the minimum, the objective record must state that the hearing officer expressly rejected testimony on demeanor grounds. United States ex rel. Checkman v. Laird (2 Cir. 1972) 469 F.2d 773, 785 n. 17; *see* United States v. Newton (9 Cir. 1970) 435 F.2d 671, 674. Reasons must be stated—at least the grounds indicating the conclusion reached. *Laird, supra,* 469 F.2d at 781; *Witmer, supra,* 348 U.S. at 381–382, 75 S.Ct. 392. *See* United States v. Guaraldi (9 Cir. 1972) 468 F.2d 774, 776 (hardship grounds).

In denying Frisby's I–O application, each of the three interviewing officers

---

1. The two cases cited here by the district court do not support its position. In United States v. Jagla (N.D.Cal.1970) 330 F. Supp. 962, 964–965, a district court found that it could not properly review a record denying conscientious objector status based on the draft board's review of the file and "registrants [sic] demeanor and responses to questions at the personal appearance . . . ." *Id.* at 964. It noted that the board did not say that the registrant's statements were inconsistent "or that he was unduly shifty or evasive, or otherwise left the board with the firm conviction that he was insincere . . . ." *Id.* at 965. The court went on to say that a local board's evaluation of a registrant's demeanor is suspect because it may misinterpret the registrant's demeanor. Clearly *Jagla* goes beyond *Witmer, supra,* to an impermissible re-evaluation of the evidence, and should not be followed. Moreover, *Jagla* is inapposite here, where Frisby's hearing officer expressly gave reasons for his demeanor determination.

The district court also relied upon United States v. Newton (9 Cir. 1970) 435 F.2d 671. In that case, the hearing officer found the registrant insincere, but "made no statement whatsoever regarding [the registrant's] demeanor or even that the demeanor influenced him in any way." *Id.* at 674. *Newton* is clearly inapplicable to our case, where the hearing officer expressly rested his decision upon described elements of demeanor evidence.

rested his decision upon demeanor grounds. The CORB itself specifically relied upon the O–3 officer's findings, including demeanor, method of presentation of answers, rote learning, and flippant attitude. The Army thus met and exceeded all the above requirements. The CORB cited United States v. Corliss (2 Cir. 1960) 280 F.2d 808, cert. den., 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105, where it was said:

> "[D]enial may also rest on a disbelief in the sincerity of the claim, unaccompanied by any inconsistent facts, provided the disbelief is honest and rational." *Id.* at 814.

This clearly is the proper interpretation of *Witmer, supra.* Nothing in the record indicates any lack of honesty or rationality in the Army's decision herein. Denial was based upon insincerity, expressly grounded on specified demeanor evidence.

Agencies have some power to reject testimony on demeanor grounds, else why would Congress empower them to make findings of fact? Patently, demeanor cannot be easily reflected in the written record. It is observation of a witness by the trier of fact. Such observation is at best very difficult to describe in writing; the hearing officer here did his best, we must assume, to indicate why he disbelieved Frisby.[2]

The district court could have granted the writ only by completely ignoring the Army's findings based on demeanor evidence. Such a result is contrary to the Supreme Court's mandate that courts do not sit as "super draft boards." *Witmer, supra,* 348 U.S. at 380, 75 S.Ct. 392. The majority's affirmance means that credibility in C.O. cases is now to be judged solely on a written record, thus emasculating one of the central purposes for which classification hearings in C.O. cases are held.

Accordingly, I would reverse the granting of the writ.

---

2. In *Corliss, supra,* the Second Circuit noted the problem with these words:

    "The Court in effect must determine, as best it can, whether the Local Board or the hearing officer and, ultimately, the Appeal Board were rational and sincere in disbelieving the sincerity of registrant's belief in the absence of conduct inconsistent with the registrant's assertion, and this on a record always cold and often thin. The dilemma is a cruel one . . . . ." (Conviction affirmed.) 280 F.2d at 814–815. [Footnote omitted.]

Congress and the Supreme Court have entrusted the weighing of facts, including demeanor, to the agency. *Witmer, supra.* Only by honoring agency determinations of demeanor can the courts avoid exceeding their mandate by second-guessing the agency.