**Lieutenant John A. STRAIT, Petitioner-Appellant,**

**v.**

**Melvin R. LAIRD, Secretary of Defense, et al., Respondents-Appellees.**

**No. 26289.**

United States Court of Appeals, Ninth Circuit.

June 4, 1971.

John T. Hansen (argued), San Francisco, Cal., Richard Silver, of Heisler & Stewart, Carmel, Cal., for appellant.

Richard F. Locke, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and JAMESON, District Judge.*

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

PER CURIAM:

By these proceedings in habeas corpus appellant seeks judicial review of an administrative decision of the Department of the Army denying his request for discharge as a conscientious objector. This appeal is taken from judgment of the District Court for the Northern District of California denying, on the merits, the relief sought. A cross-appeal has been taken by appellees from that portion of the District Court's judgment holding that it had jurisdiction in habeas corpus. We do not reach the merits of appellant's appeal, for we conclude that on the cross-appeal of appellees judgment of the District Court must be reversed and the proceedings dismissed for lack of jurisdiction.

Appellant is an officer in the United States Army Reserve. He received his commission in 1966 on completion of the ROTC course at the University of California at Davis. He was then placed on a delayed reserve status in order to permit him to attend law school at Yale University, from which he graduated in 1969. Since he has not yet reported for active duty, appellant is attached to no unit. As a member of the army reserves, his activities are directed by the United States Reserve Components Personnel Center at Fort Benjamin Harrison, Indiana.

On January 20, 1970, appellant applied for discharge as a conscientious objector. Pursuant to army regulations the application was submitted to the Reserve Components Personnel Center. Since appellant was residing at his home in the Northern District of California, processing of the application by interviews and hearing was had at Fort Ord, California, and the record was then forwarded to Indiana for review by the Conscientious Objector Discharge Review Board. On the Board's recommendation the application for discharge was disapproved by the commander of the Personnel Center. This action followed.

Appellant argues that he is in custody within the territorial jurisdiction of the District Court below and, therefore, that that court had jurisdiction in habeas corpus. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L. Ed.2d 251 (1971), compels us to disagree. Even if we concede that appellant is in custody within the jurisdiction of the District Court (which appellees dispute),[1] his custodian—the commander of the Reserve Components Personnel Center at Fort Benjamin Harrison—remains outside of the jurisdiction of that court. As stated in Schlanger: "Hence even if we assume that petitioner is 'in custody' in Arizona in the sense that he is subject to military orders and control which act as a restraint on his freedom of movement * * * the absence of his custodian is fatal to the jurisdiction of the Arizona District Court."

Appellant contends that, as an alternative to his habeas corpus theory, the District Court had jurisdiction in mandamus to require the army to process his application for discharge in accordance with regulations with which it has allegedly failed to comply. Mandamus is an extraordinary remedy which is to be utilized only in the most urgent cases. See, e. g., Ex Parte Collett, 337 U.S. 55, 72, 69 S.Ct. 944, 93 L.Ed. 1207 (1949). Its issuance lies within the sound discretion of the court. CMAX Inc. v. Hall, 300 F.2d 265 (9th Cir. 1969); see Whitehouse v. Ill. Cent. R. Co., 349 U.S. 366, 373, 75 S.Ct. 845, 99 L.Ed. 1155 (1955). Since appellant asserts that the army's decision to deny him his discharge was without basis in fact, the mandamus remedy would not afford complete relief. Cf., Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 952–953 (9th Cir. 1958). Above all, since appellant may obtain relief by habeas corpus in the federal courts in In-

---

1. This question the Supreme Court in Schlanger did not reach, although it noted the problem and cited Donigian v. Laird, 308 F.Supp. 449 (D.Md.1969), on which appellant relies.

diana, there exists another adequate remedy. *See* Carter v. Seamans, 411 F. 2d 757 (5th Cir. 1969). For these reasons we feel that issuance of the writ in these circumstances would not be appropriate.[2]

Upon the cross-appeal of appellees judgment is reversed and the matter remanded to the District Court with instructions that the proceedings be dismissed for want of jurisdiction.

---

2. This is not to say that the court lacked jurisdiction to issue the writ. The territorial restraints which obtain in habeas do not preclude mandamus jurisdiction. *See* Schlanger v. Seamans, *supra*, at n. 4; 28 U.S.C. § 1391(e); Sen.Rep.No. 1992, 87th Cong., 2d Sess., 2 U.S.Code and Adm. News (1962), p. 2784; 2 Moore's Federal Practice ¶ 4.29.