461 F.2d 1118
 AIC Charles T. JENSEN, II, Petitioner-Appellant,
v.
Colonel Norman D. RICE, Commanding Officer, 485th Medical
Service Flight, Mather Air Force Base, Sacramento,
California, and Hon. Robert S. Seamons, Secretary of the Air
Force of the United States, Washington, D. C., Respondents-Appellees.
 No. 71-2505.
 United States Court of Appeals,
Ninth Circuit.
 June 6, 1972.
 
 John T. Hansen (argued), San Francisco, Cal., for petitioner-appellant.
 Brewster Q. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for respondents-appellees.
 Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order dismissing a petition for writ of habeas corpus. Appellant had sought relief from an administrative action of the Air Force disapproving his request for discharge as a conscientious objector.
 
 
 2
 After oral argument, we withheld submission pending decision in Strait v. Laird, 445 F.2d 843 (9th Cir. 1971) cert. granted 404 U.S. 955, 92 S.Ct. 308, 30 L.Ed.2d 271 (1971).
 
 
 3
 Jensen enlisted in the Air Force Reserve in 1966. He completed the active duty portion of his obligation, during which he was trained as a medical orderly, and was then assigned to an organized reserve unit at Mather Air Force Base, Sacramento, California. In May 1969, he requested discharge from the reserves on the ground that he was a conscientious objector.
 
 
 4
 He was interviewed by four Air Force officers, all of whom recommended approval. The Department of the Air Force disapproved the request in October 1969, giving no reason. Jensen then sought and was denied, review by the Board for Correction of Military Records. He has declined to attend regular reserve meetings since September 1969 because of his beliefs.
 
 
 5
 The respondent Colonel Rice, as commanding officer of Jensen's reserve unit, informed petitioner in January 1971 that he was subject to being ordered to active duty for two years for nonattendance at drills. Jensen then filed his habeas corpus petition in the Eastern District of California, in which district his reserve unit was located and Colonel Rice resided.
 
 
 6
 The district court concluded that it had no jurisdiction to issue the writ. This conclusion was based on findings that Jensen had been absent from unit training assemblies since 1969, that his commanding officer had had no control over him since that time and had no power to restrain his freedom.
 
 
 7
 We conclude, on the basis of the decision in Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), that the petitioner was in custody and that the district court had jurisdiction to determine his habeas corpus petition. Without expressing any opinion on the merits of the petition, we remand to the district court for further proceedings.